IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR WILSON, | |
| Plaintiff, | No. C 09-03135 JSW |
| v. | |
| SHAUN DONOVAN, Secretary of the Department of Housing and Urban Development, | **ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND DENYING MOTION TO STRIKE** |
| Defendant. | |

Now before the Court is the motion for summary judgment filed by Defendant Shaun Donovan, Secretary of the Department of Housing and Urban Development ("Defendant") for summary judgment. The Court finds the motion appropriate for decision without oral argument and HEREBY VACATES the hearing set for October 1, 2010. *See* N.D. Civ. L.R. 7-1(b). Having considered the parties' pleadings, relevant legal authority, for the reasons set forth in the remainder of this Order, the Court GRANTS Defendant's motion for summary judgment.

**BACKGROUND**

Plaintiff Victor Wilson, a Paralegal Specialist in the Region IX Office of Counsel of the United States Department of Housing and Urban Development ("HUD"), brought a complaint against Defendant alleging disparate treatment based upon his race, age, color, and gender when he was not selected for a position within the organization.

The position of Equal Opportunity Specialist ("EOS") was advertised by Defendant in January of 2008 and again in May 2008. According to the uncontested facts, on January 2008,

1    the HUD posted a job announcement for the position of EOS, Grades 11/12.  An EOS performs
2    a variety of tasks in the connection with equal opportunity and civil rights, including actions
3    under the Fair Housing Act.  After hiring another candidate who then did not accept the
4    position, the HUD again posted for the same, still vacant, position.

5    Both positions required at least one year of specialized experience equivalent to the next
6    lower grade in the Federal service, thereby assuring that the candidate possessed a minimum
7    level of particularized knowledge, skills and abilities to perform the duties of the position
8    successfully.  The posting permitted certain academic credentials to be substituted for
9    experience at the GS-11 level provided the credentials demonstrates the knowledge, skills and
10   abilities required for the position.  (Declaration of Mandy Rinne ("Rinne Decl.") at ¶¶ 6, 7.)

11   In accordance with HUD policy, the Human Resources Specialist assigned to the
12   position, posted the job announcement, collected the applications, and ranked the candidates
13   according to their qualifications as represented on their applications.  (*Id.* at ¶ 3.)  The Human
14   Resources Specialist does not interview the candidates and does not collect information about
15   the candidates' race, gender, age or color.  (*Id.* at ¶ 5.)  The Specialist ranks the candidates and
16   submits a recommendation to the assigned Management Analyst.  (Declaration of Debra Minor-
17   Hairston ("Minor-Hairston Decl.") at ¶¶ 2, 3.)  The recommending Analyst further evaluates the
18   candidates, may interview the candidates, checks references and may request additional
19   information such as writing samples.  (*Id.* at ¶ 2.)  After final review, the Analyst may submit a
20   recommendation to Senior Management in Washington, D.C. for further review and final
21   approval before the Assistant Secretary for the Office of Fair Housing and Equal Opportunity,
22   with the ultimate hiring authority, makes the final decision.  (*Id.*)

23   Plaintiff submitted two job applications, one in response to each of the two job postings
24   for the EOS position.  Without reference or knowledge of the candidates' race or color, the
25   Specialists reviewing the initial applications evaluated the candidates' qualifications to
26   determine what grade level they were eligible for either positions in levels GS-11 or GS-12.
27   (Rinne Decl. at ¶¶ 8, 9.)  By letter dated March 7, 2008, Plaintiff was notified that he was
28   eligible for GS-11, but not GS-12.  (*Id.* at ¶ 12.)  Plaintiff was placed on the "best qualified"

rosters for both postings and only he and another applicant, Ms. Rutan, were interviewed for the initial position. (Declaration of Charles Hauptman ("Hauptman Decl.") at ¶ 6.) During the interviews, the applicants were required to submit a writing sample and asked a series of general questions, including questions about any possible criminal convictions. (*Id.* at ¶ 7, Ex. B at ¶ 9.)

After reviewing Plaintiff's application, writing sample and interviewing him, Defendant determined not to recommend him. The interviewer, Mr. Hauptman, had concerns about Plaintiff's writing skills and experience, as well as his lack of verifiable relevant work experience. (*Id.* at ¶¶ 8-11.) Although Plaintiff's performance during the interview was satisfactory, Mr. Hauptman was concerned about his oral and written communication skills and was unable to verify Plaintiff's employment with the NAACP. (*Id.*) After evaluating the applicants, Defendants recommended only Ms. Rutan for the position, who declined the offer. (*Id.* at ¶ 12; Rinne Decl. at ¶ 14.) Ms. Rutan was qualified as a level GS-12, had seven years experience with fair housing issues, including three years of experience as a Fair housing Specialist. (Hauptman Decl. at ¶ 12.)

On May 1, 2008, another job was advertised and Plaintiff again submitted his application for the EOS position. Plaintiff was interviewed again and the same concerns arose about his application. (*Id.* at ¶ 16.) However, the EOS position was canceled due to budget constraints and no one was selected for the position. (Minor-Hairston Decl. at ¶¶ 4, 7, Ex. B.)

On November 12, 2008, Plaintiff contacted the EEO office to seek counseling for not having been selected for the May 2008 position. The EEO counselor explained that Plaintiff's concerns regarding the January 2008 posting were time-barred due to the passing of more than 45 days from not being selected for the position. On December 3, 2008, Plaintiff filed a formal EEO complaint and on April 8, 2009, the HUD issued a Final Agency Determination dismissing the January 2008 claim as time-barred and dismissing the May 2008 for failure to state a claim as the position was not filled due to funding issues. (Declaration of Melissa K. Brown, Ex. A (Deposition of Plaintiff Wilson) at 159:17-160-:23, 162:1-11, 191:25-194:24, Ex. 19.)

The Court will address the additional specific facts as required in the analysis.

3

# ANALYSIS

**A.     Standards Applicable to Motions for Summary Judgment.**

A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997).

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. An issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A fact is "material" if it may affect the outcome of the case. *Id.* at 248. If the party moving for summary judgment does not have the ultimate burden of persuasion at trial, that party must produce evidence which either negates an essential element of the non-moving party's claims or that party must show that the non-moving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party meets its initial burden, the non-moving party must go beyond the pleadings and, by its own evidence, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

In order to make this showing, the non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). In addition, the party seeking to establish a genuine issue of material fact must take care adequately to point a court to the evidence precluding summary judgment

4

1 because a court is "'not required to comb the record to find some reason to deny a motion for
2 summary judgment.'" *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1029 (9th
3 Cir. 2001) (quoting *Forsberg v. Pacific Northwest Bell Telephone Co.*, 840 F.2d 1409, 1418
4 (9th Cir. 1988)). If the non-moving party fails to point to evidence precluding summary
5 judgment, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

**B.     Claim for Discrimination Does Not Survive Summary Judgment.**

Plaintiff brings a complaint for race, color, and gender discrimination under Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e-16 *et seq.* and contends that the HUD failed to promote him based on his membership in a protected class.[1] Plaintiff alleges that he was denied a promotion to EOS position because of his race, color, and gender. In order to make a claim for discrimination, Plaintiff must establish that he suffered an adverse employment action that was motivated by intentional discriminatory animus. *See, e.g., Guz v. Bechtel National, Inc.*, 24 Cal.4th 317, 353-58 (2000). The proper legal framework for determining whether Plaintiff's claim should survive summary judgment is the familiar burden-shifting scheme set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

First, Plaintiff must establish a prima facie case of discrimination. *See id.*; *Guz,* 24 Cal.4th at 351-54. Whether Plaintiff can meet his burden to establish a prima facie case of discrimination is a matter of law to be determined by the court. *Caldwell v. Paramount Unified School District*, 41 Cal. App. 4th 189, 201 (1995). If Plaintiff establishes a prima facie case, the burden then shifts to Defendant to articulate a legitimate, nondiscriminatory reason for its employment decision. Then, in order to prevail, Plaintiff must demonstrate that the employer's alleged reason for the adverse employment decision was a pretext for another, discriminatory motive. *See Guz*, 24 Cal.4th at 351-54; *see also Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). Plaintiff may establish a prima facie case of discrimination by demonstrating that (1) he belongs to a statutorily protected class; (2) he applied for and was

---

[1] Plaintiff also brings an action for age discrimination pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 630 *et seq.* However, this claim fails for the same reasons his other discrimination claims fail. *See Gibbs v. Consol. Servs.*, 111 Cal. App. 4th 794, 799 (2003).

5

1 qualified for an available position; (3) he suffered an adverse employment decision; and (4)
2 similarly situated individuals not in the protected class were treated more favorably. *St. Mary's*
3 *Honor Ctr. v. Hicks,* 509 U.S. 502, 506 (1993). The only significant difference in the FEHA
4 analysis is that in order to establish a prima facie case, Plaintiff must, in addition to the first
5 three elements, demonstrate some other circumstances that suggests discriminatory motive.
6 *See, e.g., Guz*, 24 Cal.4th at 355.

7 If Plaintiff succeeds in establishing a prima facie case, the burden of production shifts to
8 Defendant to articulate a legitimate, nondiscriminatory reason for terminating Plaintiff's
9 employment. *See McDonnell Douglas*, 411 U.S. at 802. If Defendant does so, Plaintiff must
10 demonstrate that Defendant's articulated reason is a pretext for unlawful discrimination by
11 "'either directly persuading the court that a discriminatory reason more likely motivated the
12 employer or indirectly by showing that the employer's proffered explanation is unworthy of
13 credence.'" *Chuang v. Univ. of Cal. Davis*, 225 F.3d 1115, 1124 (9th Cir. 2000) (quoting *Texas*
14 *Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981)). Plaintiff's evidence must be both
15 specific and substantial to overcome the legitimate reasons set forth by the employer. *Aragon v.*
16 *Republic Silver State Disposal, Inc*., 292 F.3d 654, 659 (9th Cir. 2002).

17 **1.     Plaintiff Cannot Make Out a Claim on Either Position.**

18 Plaintiff is barred from making a claim for discrimination on any basis due to his lack of
19 promotion. With regard to the first job posting in January 2008, Plaintiff's claim is time-barred.
20 A federal employee must exhaust his administrative remedies in a timely manner under Title
21 VII prior to filing a civil action. *See Lyons v. England,* 307 F.3d 1092, 1103 (9th Cir. 2002)
22 (citing *B.K.B. v. Maui Police Dep't.*, 267 F.3d 1091, 1099 (9th Cir. 2002) and *EEOC v. Farmer*
23 *Bros.,* 31 F.3d 891, 899 (9th Cir. 1994) (holding that exhausting administrative remedies is a
24 jurisdictional prerequisite to maintaining a claim under Title VII). Under regulations applicable
25 to federal employees, "[a]ggrieved persons who believe they have been discriminated against on
26 the basis of race ... must consult a Counselor prior to filing a complaint in order to try to
27 informally resolve the matter." 29 C.F.R. § 1614.105(a). This contact must occur "within 45
28 days of the date of the matter alleged to be discriminatory or, in the case of personnel action,

6

within 45 days of the effective date of the action." *Id.*, § 1614.105(a)(1).  *See also Lyons*, 307 F.3d at 1104 n.4, 1105.

Because there is no dispute that Plaintiff failed to consult a Counselor within the 45 day period, his claim with regard to the first opening is time-barred.

Plaintiff is similarly barred from making a claim for discrimination based on the second job posting in May 2008.  No candidate was selected for the position which was terminated due to lack of funding.  (Minor-Hairston Decl. at ¶ 16.)  Failure to demonstrate that there is actually an open job is "a fatal defect in a prima facie case of overt discrimination."  *Chavez v. Tempe Union High School Dist. #213*, 565 F.2d 1087, 1091 (9th Cir. 1977).  The failure to establish the existence of a vacancy is a "failure of a matter of law to make out a prima facie case of disparate treatment."  *Gay v. Waiters' & Dairy Lunchmen's Union*, 694 F.2d 531, 548 (9th Cir. 1996).

However, for the sake of completeness, the Court addresses Plaintiff's substantive claims of discrimination and finds them entirely lacking in merit.

### 2. Prima Facie Case of Discrimination.[2]

At summary judgment, the degree of proof necessary to establish a prima facie case is "minimal and does not even need to rise to the level of a preponderance of the evidence." *Lyons v. England,* 307 F.3d 1092, 1112 (9th Cir. 2002) (quoting *Wallis v. J.R. Simplot Co.,* 26 F.3d 885, 889 (9th Cir. 1994)).  Although the burden for establishing a prima facie case is an easy one to satisfy, Plaintiff has failed to do so here.  Although Plaintiff's race and color make him a member of a protected class and his failure to be promoted qualifies as an adverse employment action, he fails to satisfy the other two prongs of the test; that is, to demonstrate that he was qualified for the position and that other, similarly situated individuals not in the protected class were treated more favorably.

---

[2] Plaintiff filed his opposition brief late, according to Northern District Local Rule 7-3, which requires that the opposition brief is due not later than 21 *before the hearing date*. Due to the lateness, Defendant moves to strike the opposition.  The Court determines that the motion for summary judgment should be granted on the merits and so DENIES the motion to strike. However, Plaintiff's counsel is admonished that failure to follow the local rules of this Court constitutes good cause to strike.

7

### a. Plaintiff has failed to demonstrate that he was qualified for the position.

It is undisputed that Plaintiff did not receive the endorsement of his superiors when interviewing for the January 2008 position. However, there is simply no evidence in the record that Plaintiff was qualified for the position. He could not demonstrate definitively that he had relevant previous experience, his writing sample suffered from errors, and he was not eligible for a level GS-12 position.

The Court finds that Plaintiff has failed to demonstrate that there is a genuine dispute of material fact regarding his qualification for the position. Therefore, the Court finds that Plaintiff has failed to establish a prima facie case of discrimination based on the demonstrating Plaintiff was qualified for the position. *See Hicks,* 509 U.S. at 506.

### b. Plaintiff has failed to demonstrate that other, similarly situated individuals were treated more favorably.

In addition, Plaintiff has failed to raise a dispute of fact regarding whether other employees outside of his protected class were treated more favorably. In this regard, Plaintiff offers no evidence or argument whatsoever. Plaintiff does not introduce evidence concerning whether the other individual, Ms. Rutan, who was offered the position, was within or outside of his protected class designation. There is simply no evidence in the record regarding whether other, similarly situated individuals in Plaintiff's protected class were treated more favorably.

Therefore, the Court finds that Plaintiff has not met his burden to demonstrate the existence of a prima facie case of race discrimination based on this factor. Therefore, summary judgment on Plaintiff's claim is properly granted.

However, even assuming *arguendo* that Plaintiff had established a prima facie case of race discrimination, summary judgment is still warranted because Defendant has asserted a legitimate, nondiscriminatory reason for failing to promote Plaintiff, and Plaintiff has failed to demonstrate the reason is merely pretext.

### 3. Defendant Has Demonstrated Legitimate Business Reasons for Failing to Promote Plaintiff.

Even if Plaintiff could successfully establish a prima facie case of discrimination, the undisputed facts demonstrate that Defendant had legitimate business reasons to decide not to

8

promote him. Defendant's decision not to advance a less qualified candidate and to hire another more qualified applicant qualifies as a legitimate business reason. *See, e.g., Unt v. Aerospace Corp.*, 765 F.2d 1440, 1445 (9th Cir. 1985); *see also Fragante v. Honolulu*, 888 F.2d 591, 599 (9th Cir. 1989) ("An employer's decision may be justified by the hired employee's superior qualification unless the purported justification is a pretext for invidious discrimination"). The record is clear that Plaintiff failed to meet the clearly specified qualifications for the position. Accordingly, Defendant has met its burden of demonstrating legitimate business reasons for not promoting Plaintiff to the EOS position.

### 4.   Plaintiff Fails to Raise an Issue of Disputed Fact Regarding Pretext.

Because Defendant presents evidence demonstrating a legitimate nondiscriminatory reason for the termination, Plaintiff bears the burden of demonstrating that Defendant's articulated reason is pretextual. Plaintiff may do so "either [1] directly by persuading the court that a discriminatory reason more likely motivated the employer or [2] indirectly by showing that the employer's proffered explanation is unworthy of credence." *Merrick v. Farmers Ins. Group,* 892 F.2d 1434, 1437 (9th Cir. 1990) (internal cites and quotations omitted).

First, the Court has already determined that the undisputed evidence demonstrates that Plaintiff failed to qualify for the position for which he applied. Second, Plaintiff fails to refute Defendant's legitimate non-discriminatory reasons for failing to promote him. Plaintiff merely states, without evidentiary support, that "Plaintiff was clearly passed over and an inference can be made that this involved unlawful discrimination." (Opp. Br. at 6.) This summarily stated legal conclusion without any factual support is clearly insufficient as a matter of law.

The Court finds that Plaintiff has failed to set forth any direct or indirect evidence to persuade the Court that a discriminatory reason more likely motivated the employer or any indirect evidence tending to demonstrate that the employer's proffered explanation is unworthy of credence. *See Merrick,* 892 F.2d at 1437. Having failed to raise a disputed fact demonstrating that Defendant's articulated reason for termination is pretextual, either directly or indirectly, the Court grants summary judgment on Plaintiff's allegations of discrimination.

9

**CONCLUSION**

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED. Judgment shall be entered in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.**

Dated: September 29, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE